**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Aashutosh, Inc., an Illinois Corporation, )
and Maheshkumar Desai, )
Plaintiffs, )
)
v. ) No.:
)
7-Eleven, Inc., a Delaware Corporation )
Defendant )

**COMPLAINT FOR DECLARATORY, INJUNCTIVE AND OTHER RELIEF**

**PARTIES**

1. Plaintiff Maheshkumar Desai, an individual, is a resident of Illinois and resides in the Northern District.

2. Plaintiff, Aashutosh, Inc., is an Illinois corporation with its principal place of business at 2241 South Eola Road, Aurora, IL 60504.

3. 7-Eleven, Inc. is a Texas Corporation with principal place of business in the State of Texas.

**JURISDICTION-DIVERSITY**

4. This action is filed in federal court pursuant to diversity jurisdiction codified in 28 U.S.C. §1332.

5. The amount in controversy exceeds $75,000.

6. There is complete diversity between Plaintiffs and Defendant in the matter as Plaintiffs are citizens of the state of Illinois and Aashutosh, Inc. is headquartered in the state of

Illinois and Defendant, 7-Eleven, Inc. is a state of Texas corporation headquartered in the state of Texas. ("7-Eleven" or "7-11")

## FACTS

7. On or about March 15, 2004, Plaintiffs and Defendant entered into an agreement whereby Plaintiff would be a franchisee of the 7-Eleven, Inc franchise system for a store location located at 2241 S. Eola Road, Aurora, IL 60504 and identified as 7-Eleven store number 1912-33379B. A copy of the agreement is attached to this complaint and incorporated into this complaint as Exhibit A.

8. On or about March 15, 2004, Plaintiffs and Defendant entered into another agreement whereby Plaintiff would be a franchisee of the 7-Eleven, Inc franchise system for a store location located at 1500 South Route 59, Bartlett, Illinois and indentified as 7-Eleven store number 32818B. A copy of the agreement is attached to this complaint and incorporated into this complaint as Exhibit B.

9. Plaintiffs have successfully operated both locations for years.

10. Plaintiffs have substantially performed their obligations under the agreements.

11. On December 18, 2009 Plaintiffs received a Notice of Termination for store 1912-33379B. A copy of the notice of termination for store 1912-33379B is attached to and incorporated into this complaint as Exhibit C.

12. On December 18, 2009 Plaintiffs received a Notice of Termination for store 3281B. A copy of the notice of termination for store number 32818B is attached to and incorporated into this complaint as Exhibit D.

13. Plaintiffs have received no notices of any breaches or default from 7-11 in over a year.

14. The Notices give Plaintiff's no right to cure the alleged defaults and/or breaches.
15. If given the opportunity, Plaintiffs may be able to cure or settle the alleged breaches.
16. The franchise agreements give Plaintiffs a right to cure any defaults.
17. Plaintiffs have recently and are currently involved in litigation which is unrelated to the operation of the 7-Eleven franchise stores.
18. Defendant knows of the separate unrelated litigation, and has been previously been served with a citation to discover the assets of Maheshkumar Desai.
19. The Defendant has expressed displeasure with the separate legal matters.

**COUNT I - DECLARATORY JUDGMENT**

20. Plaintiff realleges ¶¶1-19 of the previous sections as if fully set forth herein.
21. Plaintiff has not been given the right to cure, and must be given the right to cure under the Franchise Agreement.
22. Plaintiffs have requested, and defendant has refused, the right to cure the alleged breaches and defects under the Franchise Agreement.
23. A bona fide dispute exists as to whether or not Defendant has the right to terminate the Franchise Agreement without first giving Plaintiffs the right to cure.
24. Defendant's Notices of Termination are based on alleged "repeated breaches." However, prior to the December 18, 2009 notices, Defendants have not served notices or taken any additional actions in regards to the franchise agreement since issuing the 2008 notices.
25. Plaintiff took no action in 2008 other than the issuance of the notices.

WHEREFORE, the Plaintiffs respectfully pray that this court enter an order

a. declaring 7-Eleven to be in breach of the Franchise Agreements and that Plaintiffs have a right to cure any breaches or defect

b. enjoining 7-Eleven from terminating the Franchise Agreements

c. enjoining 7-Eleven from depriving Plaintiffs their right to cure

d. award damages to Plaintiff

e. award any such other and further relief as this court sees fit to grant.

**COUNT II - ESTOPPEL**

26. Plaintiffs restate and reallege ¶¶1-25 of Count I as if fully set forth herein.

27. Defendant failed to assert any of rights under the Franchise Agreements following the issuance of the 2008 notices.

28. Defendants, by not asserting their rights under the agreement in regards to the 2008 notices, have waived their rights under the contract to terminate without the opportunity to cure.

29. By previously issuing various notices to terminate with rights to cure, yet not further enforcing its rights under the franchise agreements, Defendant is now estopped from terminating the franchise agreement without affording Plaintiffs time to cure the alleged breaches and defaults.

30. Plaintiffs have been prejudiced by the sudden resurrection of issues that were raised but never enforced.

**COUNT III - VIOLATION OF THE ILLINOIS FRANCHISE ACT, 835 ILCS 705/19.**

31. Plaintiffs restate and reallege ¶¶1-25 of Count I as if fully set forth herein.

32. 7-Eleven is a Franchisor and Plaintiffs are Franchisees under the Illinois Franchise Disclosure Act of 1987, 815 ILCS 705/1 et seq.(the "Act")

33. Under the Act, 7-Eleven may only terminate the franchises with "good cause" and upon notice of the default with a reasonable opportunity to cure such default.

34. The letters dated December 18, 2009 state that the Notice to terminate is given without "right to cure."

35. The failure of 7-Eleven to grant an opportunity to cure the notified default is in violation of the Act.

36. 7-Eleven, by and through its representatives and agents have expressed a displeasure with legal matters that the Plaintiff is involved in.

37. Plaintiffs' separate legal matters have no bearing on Plaintiffs' ability to perform under the Franchise Agreements.

38. 7-Eleven is attempting to terminate the franchises in order to not have to deal with Plaintiffs' separate unrelated legal issues.

39. Terminating the Franchise Agreement because of inconvenience in dealing with Plaintiffs other legal matters is not "good cause" under the Act.

WHEREFORE, the Plaintiffs respectfully pray that this court enter an order

    a. enjoining 7-Eleven from terminating the Franchise Agreements

    b. enjoining 7-Eleven from depriving Plaintiffs their right to cure

    c. award damages to Plaintiff

    d. award any such other and further relief as this court sees fit to grant.

**COUNT IV - BREACH OF CONTRACT**

40. Plaintiffs restate and reallege ¶1-25 of Count I as if fully set forth herein.

41. The Franchise agreements in place between Plaintiffs and Defendants afford Plaintiffs various rights to cure breaches or defaults of the agreement following notice by the Defendant to Plaintiffs. (Exhibits A & B, ¶26).

42. The December 18, 2009 Notices do not give Plaintiffs a right cure the described breaches.

43. If given the opportunity, Plaintiffs may be able to cure or settle the alleged breaches.

44. Defendant bases its refusal to give Right to Cure on alleged "repeated breaches."

45. On information and belief, Defendant is terminating the agreements in order to avoid any involvement or dealings related to other legal issues faced by Plaintiffs.

46. The reasons for terminating the agreements given in the December 18, 2009 Notices are a pretext for the actual reasons Defendant is attempting to terminate the agreements.

47. By terminating the Franchise Agreements for reasons not allowed in the contract, Defendant has breached the contract and the covenant of good faith and fair dealing.

WHEREFORE, the Plaintiffs respectfully pray that this court enter an order

a. enjoining 7-Eleven from terminating the Franchise Agreements

b. enjoining 7-Eleven from depriving Plaintiffs their right to cure

c. award damages to Plaintiff

d. award any such other and further relief as this court sees fit to grant.

**COUNT V - UNJUST ENRICHMENT**

48. Plaintiffs restate and reallege ¶¶1-25 of Count I as if fully set forth herein.

49. Plaintiff is seeking to unilaterally terminate the franchise agreement and take control of the store, inventory and various accounts associated with the stores.

50. Plaintiffs have put significant time, money and labor into the successful and profitable operation of the store.

51. Plaintiff's efforts have brought value and goodwill to the stores which would have not been built up, but for the efforts of Plaintiffs.

52. Should Plaintiffs terminate the agreement and take control of store its inventory and its accounts, Defendant would be receiving numerous tangible and intangible benefits, including goodwill that has been built through the efforts of Plaintiffs.

53. If Defendant were to terminate the agreement and take control of the stores, Defendant would be unjustly enriched to the detriment of Plaintiffs.

WHEREFORE, the Plaintiffs respectfully pray that this court enter an order

    a. enjoining 7-Eleven from terminating the Franchise Agreements

    b. enjoining 7-Eleven from depriving Plaintiffs their right to cure

    c. award damages to Plaintiff

    d. award any such other and further relief as this court sees fit to grant.

Respectfully Submitted,

Plaintiffs
Aashutosh, Inc.
Maheshkumar Desai


By: /s/ Joseph P. McCaffery
Attorney for Defendants/Counter-Plaintiffs
Joseph P. McCaffery & Associates
2210 Sandburg Drive
Aurora, IL 60506
(630) 801-8691 (tel.)
(801) 806-8691 (fax)
ARDC No. 6291290