# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7905 | **DATE** | July 19, 2010 |
| **CASE TITLE** | *Aashutosh v. 7-Eleven* | | |

**DOCKET ENTRY TEXT:**

The court is satisfied that subject matter jurisdiction over the plaintiffs' claims against 7-Eleven is proper as the parties are diverse. Accordingly, the court accepts the parties' stipulation of dismissal [#89]. The plaintiffs' claims against 7-Eleven are hereby dismissed with prejudice and 7-Eleven's claims against the plaintiffs are dismissed without prejudice. It is further ordered that Mr. McCaffery's motion to withdraw the appellate jurisdictional statement filed with this court [#95] is denied. The clerk is directed to terminate this case from the court's docket.

∎[ For further details see text below.]

## STATEMENT

After the court entered a preliminary injunction in favor of defendant 7-Eleven, plaintiffs Aashutosh, Inc. and Maheshkumar Desai filed an appeal with the Seventh Circuit which contained a critical change in the jurisdictional allegations for Aashutosh. Specifically, counsel for the plaintiffs (Joseph McCaffery) had represented to this court that Aashutosh was an Illinois corporation with its principal place of business in Illinois. At the appellate stage, however, he told the Seventh Circuit that Aashutosh was a Texas corporation with its principal place of business in Illinois. If true, this alteration would destroy diversity jurisdiction and render this court's prior orders void, as 7-Eleven is a Texas citizen.

The court thus ordered the plaintiffs to file a memorandum addressing citizenship and required Mr. McCaffery to show cause why he should not be sanctioned if the jurisdictional allegations presented to this court were incorrect. The parties next filed a joint motion to dismiss the plaintiffs' claims with prejudice and 7-Eleven's claims without prejudice. The court then again directed the plaintiffs and Mr. McCaffery to address jurisdiction, as it is improper to continue issuing rulings when jurisdiction has been called into question. Presently before the court is a jurisdictional memorandum stating that Aashutosh is an Illinois corporation with its principal place of business in Illinois, as well as a motion seeking to withdraw the copy of the plaintiffs' Seventh Circuit jurisdictional statement that was filed with both this court and the Seventh Circuit.

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

| STATEMENT |
|---|

"To say the least, the timing" of Aashutosh's alleged change of citizenship is "rather suspicious. Indeed, one is tempted to say that '[t]he mind of justice, not merely its eyes, would have to be blind to attribute such an occurrence to mere fortuity.'" *Ner Tamid Congregation of North Town v. Krivoruchko*, 620 F.Supp.2d 924, 927 (N.D. Ill. 2009), *quoting Avery v. Georgia*, 345 U.S. 559, 564 (1953) (Frankfurter, J., concurring). The court does not appreciate what appears to be a blatant attempt to manipulate citizenship allegations to obtain a favorable result for the plaintiffs on appeal. The court also reminds the reader of the plaintiffs' prior decision to comply with the injunction order only when the court advised the plaintiffs and their counsel that further contumacious behavior would lead to the issuance of a writ of body attachment and further sanctions proceedings.

Nevertheless, the court is satisfied that subject matter jurisdiction over the plaintiffs' claims against 7-Eleven is proper as the parties are diverse. Accordingly, the court accepts the parties' stipulation of dismissal [#89]. The plaintiffs' claims against 7-Eleven are hereby dismissed with prejudice and 7-Eleven's claims against the plaintiffs are dismissed without prejudice.

This does not solve Mr. McCaffery's problems, as he filed a document with this court that contains incorrect jurisdictional allegations [#85]. Mr. McCaffery casts blame for this filing on a first year law student clerk. According to Mr. McCaffery, the law student erroneously filed the inaccurate jurisdictional statement – which bears Mr. McCaffery's signature in four places – with this court as well as the Seventh Circuit. This is unsurprising, as the jurisdictional statement bears the district court caption and follows a notice of filing indicating that it was filed with this court. Even if the court accepts that Mr. McCaffery did not intend to file his Seventh Circuit jurisdictional statement with this court, the fact remains that he filed a signed pleading with both this court and the Seventh Circuit incorrectly representing that Aashutosh was a citizen of Illinois and Texas. In an exercise of its discretion, the court will not conduct further proceedings regarding this issue. Nevertheless, Mr. McCaffery's motion to withdraw the appellate jurisdictional statement filed with this court [#95] is denied as the court declines to approve revisionist history. Mr. McCaffery is admonished that strict compliance with Rule 11 is required and jurisdictional allegations must be based on reasonable inquiry, as opposed to expedience.